UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KUEZITUKA PEDRO GABRIEL NSEKA,

Petitioner,

v.

PAMELA BONDI, SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY, TODD LYONS, JULIO HERNANDEZ, BRUCE SCOTT,

Respondent.

CASE NO. 2:26-cv-00782-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE WITHIN 24 HOURS**

Petitioner seeks 28 U.S.C. § 2241 relief contending his immigration detention violates the Due Process Clause because he was detained without notice or a pre-detention hearing under *Mathews v. Eldridge*, 424 U.S. 319 (1976).[1] The Court agrees and **GRANTS** the petition for the reasons below.

1.      The parties agree in June 2023, Petitioner was arrested by immigration officers shortly after he unlawfully entered the country. On June 30, 2023 Petitioner was released on parole for one year, under 8 U.S.C. § 1182(d)(5). In June 2025, Petitioner was arrested for

---

[1] Petitioner has withdrawn the claim his re-detention violates 8 C.R.R. 241, et. seq. and his request Respondents be permanently enjoined from re-detaining him. *See* Dkt. 8, Reply.

ORDER GRANTING PETITION AND
DIRECTING RELEASE WITHIN 24 HOURS -
1

driving under the influence, but no disposition of this matter has been found. On January 8, 2026, Petitioner reported for a scheduled ICE check-in and was detained. On January 20, 2026, an immigration judge denied Petitioner's request for bond and ordered Petitioner removed to his home country Angola. If Petitioner does not appeal the immigration judge's order of removal, the order will become final on April 6, 2026.

2.    The parties disagree whether due process required Petitioner be afforded a pre-detention hearing under *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) before being re-detained. *Mathews* requires consideration of (1) the private interests affected by the official action, (2) the risk of an erroneous deprivation of such interest based on the procedures used, and probable value of other procedural safeguard, and (3) the government's interest.

3.    The first *Mathews* factor favors Petitioner as Respondents recognize the weighty public interest implicated in detention of noncitizen.

4.    As to the second factor, Respondent's acknowledge "district courts have found that noncitizen who continue to check in with ICE after their parole expired require additional process than the regulations can provide. The Court agrees with the other district courts[2] and thus rejects Respondent's argument Petitioner received all the process he was due because he knew when his parole would expire. Respondents also argue the second factor weighs in the government's favor because a post-detention hearing is sufficient under *Zinerman v. Burch,* 494 U.S. 113, 127 (1990) and *Martinez Hernandez v. Andrews*, No. 25-cv-01035, 2025 WL 2495767, at *11-12 (E.D. Cal., 2025). *Zinerman* is inapplicable as it addressed unique situations in which a deprivation cannot be foreseen. *Martinez-Hernandez* cuts against Respondents' position because it involved the grant of preliminary injunctive relief before the case was resolved, and a finding

---

[2] *See e.g. Ramirez Tesara v. Wamsley*, 800 F. Supp 1130, 1136-37 (W.D. Wash. 2025).

ORDER GRANTING PETITION AND
DIRECTING RELEASE WITHIN 24 HOURS -
2

Petitioners were likely to prevail which undercuts  Respondents' claim a risk of erroneous deprivation is not high. The Court accordingly finds the second factor weighs in favor of Petitioner.

5.    As to the last *Mathews* factor, Respondents argue the government has a strong interest in preventing aliens from remaining in the country and protecting proceedings from unnecessary delay. Petitioner's detention does not further these interests as the government can remove him with the same speed whether he is in or out of custody. The Court finds this factor favors Petitioner.

6.    The Court concludes Petitioner's due process rights were violated and accordingly **ORDERS**:

a.    Petitioner shall be released within 24 hours of the date of this order.

b.    Respondents shall file a certification Petitioner has been released within 48 hours of the date of this order.

c.    Petitioner's counsel may move for EAJA as provided by the statute.

DATED this 3rd day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
DIRECTING RELEASE WITHIN 24 HOURS -
3